UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHARLES McNELTON,

    Petitioner,

vs.

E.K. McDANIEL, *et al.*,

    Respondents.

2:00-cv-0284-RCJ-LRL

**ORDER**

        As part of the discovery in this capital habeas case, petitioner was permitted to serve subpoenas on the Las Vegas Metropolitan Police ("LVMPD"). Docket #65. While petitioner's counsel and counsel for LVMPD have negotiated the release of documents called for by those subpoenas, a narrow dispute remains as to three notices of denial of request for prosecution for two prosecution trial witnesses, Leroy Wilson and Brian Jackson. Accordingly, petitioner has filed a motion to compel LVMPD's compliance with subpoena duces tecum as to those three documents. Docket #80.

        LVMPD has opposed the motion (docket #82); and, petitioner has filed a reply to that opposition (docket #83). While they have made legal argument in support of their respective positions, the parties have also proposed a resolution to the motion to compel that would address each party's concerns regarding the disclosure (or non-disclosure) of information contained in the documents at issue.

1   Petitioner seeks the notices of denial of request for prosecution as part of an effort to
2 determine whether the prosecutor at his state trial failed to disclose information that could have been
3 used to impeach Wilson or Jackson. A notice of denial of request serves to notify the LVMPD that
4 the Clark County District Attorney is denying a request to pursue criminal charges against a given
5 defendant. The notice typically contains a statement indicating the reason for the denial.

6   LVMPD argues that information in the notices at issue is protected from discovery by
7 the attorney-client privilege, the work product privilege, and the deliberative process privilege.
8 Counsel for LVMPD offered, at a point prior to petitioner's motion to compel, to provide the notices
9 to the petitioner in redacted form (with the portion discussing the reason for denial removed) and to
10 submit the notices without redaction to this court for *in camera* inspection. That offer was refused.
11 In opposing petitioner's motion to compel, counsel for LVMPD has renewed that offer. Docket #82,
12 p. 8.

13   In his reply to LVMPD's opposition to the motion to compel, petitioner has consented
14 to the proposed resolution, indicating that his prior refusal was based on concerns about this court's
15 willingness and ability to conduct the review in time for petitioner to file his amended petition by
16 December 15, 2005 (a deadline that has since been extended). Docket #83, p. 7. Petitioner has also
17 expressed concern about the relevancy standard this court would apply in determining whether the
18 redacted material should be disclosed. *Id*.

19   Having considered the relevant factors, this court finds that *in camera* inspection of
20 the documents at issue is warranted in this case. The Ninth Circuit has condoned the use of *in
21 camera* inspection to determine whether material must be disclosed pursuant to *Brady v. Maryland*,
22 373 U.S. 83 (1963) and its progeny. *See United States v. Gardner*, 611 F.2d 770, 775 (9th Cir.1980).
23 *In camera* review allows the court to more accurately assess the merits of claimed privileges. *See
24 Maricopa Audubon Soc'y v. U.S. Forest Serv.*, 108 F.3d 1089 (9th Cir.1997). Moreover, LVMPD
25 indicates that the portion of the notices for which a privilege is being asserted comprises a total of
26

only six sentences from the three notices, each of which is one page long. *See U.S. v. Zolin*, 491 U.S. 554, 572 (1989) (volume of materials should be considered in determining whether to engage in *in camera* review).

As for the standard this court will employ to decide whether the redacted language should be disclosed, the court will determine whether the information arguably would have been of any value to the defense at trial in impeaching or cross examining the testimony of Wilson or Jackson. *See Paradis v. Arave*, 240 F.3d 1169, 1179 (9th Cir. 2001). If so, the court will order the information disclosed. If, on the other hand, the redacted language would not have been of any appreciable value to the defense at trial, the court will likely defer to LVMPD's claim of privilege and deny discovery of the information.

Such a liberal standard in favor of disclosure is appropriate because, in deciding whether a prosecutor's failure to disclose evidence constitutes a *Brady* violation, the suppressed evidence must be considered collectively, not item by item. *See Kyles v. Whitley*, 514 U.S. 419, 436-37 (1995). Accordingly, petitioner should be permitted to discover any evidence or information that could be made a part of a *Brady* claim, even if that evidence or information would not be grounds for relief if considered in isolation. While there may be instances where exculpatory or impeachment material may be protected from disclosure by the attorney-client, work product, or deliberative process privilege (*see, e.g., U.S. v. Furrow*, 100 F.Supp.2d 1170 (C.D.Cal. 2000)), LVMPD has not demonstrated that the interests served by those privileges are particularly compelling in the circumstances presented by this case. Thus, if the information at issue would have been even marginally helpful to the petitioner's defense, those interests are outweighed by a possibility, even if remote, that petitioner is entitled to relief under *Brady*.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Compel Las Vegas Metropolitan Police Department's Compliance with Subpoena Duces Tecum (docket #80) is **GRANTED IN PART AND DENIED IN PART**. LVMPD shall produce for petitioner, no later

than **ten (10) days** from the date this order is entered, copies of the Notice of Denial of Request for Leroy Wilson and Brian Jackson (identified as Items 11, 23, and 26 on the privileged log attached as Exhibit 1 to petitioner's motion to compel (docket #80)).  In producing these copies for the petitioner, LVMPD may remove the portion of each notice discussing the reason for denial.

**IT IS FURTHER ORDERED** that LVMPD shall file copies of the same notices, **without redaction and under seal**, within **ten (10) days** of the date this order is entered.  The court shall conduct an *in camera* inspection of the notices and thereafter issue its order as to whether the unredacted notices shall be provided to the petitioner.

DATED: May 5, 2006.

_____
UNITED STATES DISTRICT JUDGE