1

2

3                    UNITED STATES DISTRICT COURT

4                          DISTRICT OF NEVADA

5   CHARLES McNELTON,                    Case No.: 2:00-cv-00284-RCJ-DJA

6        Petitioner                                    **ORDER**

7   v.

8   WILLIAM GITTERE, et al.,

9        Respondents

10

11          On May 14, 2020, this court entered a final order and judgment denying petitioner

12   McNelton's second amended petition for writ of habeas corpus (ECF No. 133) on the merits.

13   ECF Nos. 201/202. On June 11, 2020, McNelton filed a motion to alter or amend judgment

14   pursuant to Fed. R. Civ. P. 59(e). ECF No. 204. With his motion, McNelton asks the court to

15   reconsider several procedural decisions related to timeliness and procedural default. In the

16   alternative, he asks the court to expand its certificate of appealability (COA) to include these

17   issues.

18          Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend

19   its judgment within twenty-eight days after entry of the judgment. "A motion for reconsideration

20   under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district

21   court is presented with newly discovered evidence, committed clear error, or if there is an

22   intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th

23   Cir. 1999) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

1   "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court

2   enjoys considerable discretion in granting or denying the motion." *Id*. at 1255, n.1 (quoting 11

3   Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995)). Even so,

4   amending a judgment after its entry remains "an extraordinary remedy which should be used

5   sparingly." *Id*.

6            1.  *Equitable tolling*.

7            McNelton argues that this court's determination that he is not entitled to equitable tolling

8   of the statute of limitations should be revisited in light of the Ninth Circuit's intervening decision

9   in *Williams v. Filson*, 908 F.3d 546 (9th Cir. 2018).

10           In *Williams*, the petitioner filed his initial petition within the one-year statutory period

11  under 28 U.S.C. § 2254(d) but filed his amended habeas petition raising new claims over a year

12  beyond the end of the period. *Id*. at 557. While added claims that "relate back" to the initial

13  petition under Fed. R. Civ. P. 15(c) may be considered timely, the *Williams* court opted not to

14  address relation-back because it concluded that petitioner was entitled to equitable tolling for the

15  period between the statutory deadline (August 29, 1998) and the date he filed his amended

16  petition (September 17, 1999). *Id*. at 558. In particular, the court granted equitable tolling based

17  on petitioner's reasonable reliance on the unsettled state of the law on relation back in the habeas

18  context during the relevant time period. 908 F.3d at 559-60.

19           The court found petitioner's reliance was "eminently reasonable" because (1) as of

20  August 1998 petitioner's counsel "had no reason to suspect that Rule 15(c) would pose an

21  obstacle to consideration of newly added claims in an amended petition" and (2) the federal

22  district court and the State also assumed any newly added claims would relate back. *Id*. at 560-

23  61. With respect to the former, the court cited to the Ninth Circuit's broad construction of the

2

relation-back standard that prevailed at the time. *Id*. at 560. As for the district court, the court noted "the series of scheduling orders" that permitted Sonner additional time to file his amended petition. *Id*. These orders were entered in accordance with the "George Memo," which established standardized procedures for adjudicating federal capital cases in Nevada. *Id*. at 556. The court also noted that "the State waited eight years after receiving the amended petition before moving to dismiss any of the claims on the ground that they did not relate back to the original petition under Rule 15(c)." *Id*. at 561 (emphasis in the original). The court summarized by stating that "it was not until the Supreme Court decided *Mayle* [*v. Felix*, 545 U.S. 644 (2005),] that anyone involved in this case suggested that the newly added claims might not relate back and could therefore be deemed untimely." *Id*.

McNelton argues that he is entitled to equitable tolling for the exacts same reasons as those relied upon by the court in *Williams*. While there are some similarities between the cases, there are also important distinguishing factors that make the holding in *Williams* inapplicable.

McNelton filed his initial petition in this case on March 7, 2000. Appointed counsel appeared for McNelton on May 10, 2000.  As in *Williams*, this court entered scheduling orders that set aside considerable time for McNelton to gather and review the record and to conduct discovery, if authorized, prior to deciding whether to file an amended petition. The one-year filing period under 28 U.S.C. § 2254(d) elapsed on December 29, 2000.

The court granted numerous extensions for time in relation to both discovery proceedings and the deadline for the amended petition, most of which were pursuant to a stipulation by the parties. Consequently, discovery proceedings extended well beyond the initial timeframe established by the court, which at the time was a common occurrence in this court's capital

cases. McNelton's first amended petition was filed approximately five years after the initial deadline set by the court.

Arguably, McNelton, like Williams, reasonably relied on the unsettled state of the law on relation back in the habeas context up until Supreme Court's decision in *Mayle*. In *Williams*, however, the court granted equitable tolling for a period of time before *Mayle* clarified the relation back doctrine as applied to habeas cases. Here, McNelton did not file his first amended petition until November 16, 2006, seventeen months *after* the decision in *Mayle*.

As discussed above, the impediment to timely filing in *Williams* was Williams's reasonable reliance on the unsettled state of the law on relation back in the habeas context during the relevant time period. The *Mayle* decision removed that impediment. *Williams* supports, at most, an extension of the filing period up until June 23, 2006, one year after the issuance of *Mayle*.

Also, in addition to identifying an impediment to timely filing, a petitioner requesting equitable tolling must also show that he "has been pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation omitted). For a petitioner to establish diligence under *Holland*, "he must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020).

With respect to diligence, McNelton contends that he "was deep in the throes of discovery litigation when *Mayle* was decided." ECF No. 204 at 18. However, as noted in the court's prior order denying equitable tolling, discovery proceedings had been completed at least five months prior to McNelton filing his amended petition. ECF No. 175 at 8 (citing ECF No.

88). Rather than show that he continued to diligently pursue his rights, McNelton merely claims that there was "no guidance whatsoever for petitioners like [him], whose AEDPA time expired before *Mayle*, but who had not yet filed their amended petitions by the time *Mayle* was decided, as to what they should do to ensure timely amendments." ECF No. 209 at 5-6. That is not sufficient to establish reasonable diligence.

Due to the distinguishing factors discussed above and McNelton's failure to demonstrate reasonable diligence, the Ninth Circuit's decision in *Williams* is not an intervening change in the controlling law that requires the court to alter or amend its judgment.

### 2. *Relation Back*

McNelton asks the court to reconsider its determinations that Claims Five(D), Six(A), Ten, Eleven(F), Twelve(B), and portions of Fourteen do not relate back to his original petition. With respect to these claims, he argues the court failed to first consider whether the claim raised a "new ground for relief" before moving on to determine whether the ground is "supported by facts that differ in and type from those in the original pleading set forth." ECF No. 204 at 22-23 (citing *Mayle*, 545 U.S. at 650). He contends that, for the claims above, his amended petition merely clarifies a previously raised ground of constitutional error and, therefore, should not be construed as raising a "new ground" and should not preclude relation-back under Fed. R. Civ. P. 15(c).

McNelton's arguments are wholly unconvincing and unsupported by legal authority. For each of the cited claims, the court compared the claims in his amended petition to those in his original petition to see whether the pleadings set out or attempted to set out "a corresponding factual episode," or whether the claim in the amended petition "is instead supported by facts that differ in both time and type" from those in the original petition. *Ross v. Williams*, 950 F.3d 1160,

1   1167 (9th Cir. 2020). The reasons the claims do not relate back are adequately explained in the

2   court's prior order. ECF No. 175 at 11-13. McNelton's motion does not provide sufficient

3   grounds for the court to alter its prior rulings.

4                  3. *Adequacy and Independence of State Procedural Bars*.

5          McNelton also asks the court to reconsider its determination that the state court's

6   application of the timeliness bar (Nev. Rev. Stat. § 34.726) was an adequate and independent

7   procedural bar to federal court consideration of some of his claims. Specifically, he contends that

8   the court failed to recognize that Claims One, Six(C), Eight(A), Six(E), Eleven(F), and

9   Twelve(C) were adjudicated on the merits in state court. He further argues that Nev. Rev. Stat.

10  § 34.726 was not an adequate bar as applied to successive petitions.

11         As to the former, the order ruling on the respondents' motion to dismiss addressed the

12  same argument for the cited claims and determined it to be without merit. ECF No. 175 at 16-17.

13  McNelton's current motion does not provide a compelling reason to deviate from the court's

14  prior ruling. Likewise, with respect to the adequacy of  Nev. Rev. Stat. § 34.726 as applied to

15  successive petitions, the court adequately analyzed that issue in its prior order and sees no reason

16  to alter that decision. ECF No. 175 at 21-24.

17                 4.  Martinez v. Ryan.

18         McNelton contends this court erred by concluding that the holding in *Martinez v. Ryan*,

19  566 U.S. 1 (2012), could not serve as grounds to excuse the procedural default of his ineffective

20  assistance of counsel (IAC) claims. In *Martinez*, the Supreme Court held that, in collateral

21  proceedings that provide the first occasion to raise a claim of ineffective assistance at trial,

22  ineffective assistance of post-conviction counsel in that proceeding may establish cause for a

23  prisoner's procedural default of such a claim. *Martinez*, 566 U.S. at 9. In ruling upon the

1   respondents' motion to dismiss, this court determined that McNelton's *Martinez* arguments

2   lacked merit because of the "insufficient causal connection between the alleged ineffective

3   assistance of first post-conviction counsel and the procedural default" at issue, noting in

4   particular that the "default occurred because his second state habeas action was initiated twelve

5   years after the conclusion of his direct appeal." ECF No. 175 at 24–25.

6       McNelton argues this court erred because the default occurred when Nevada's statute of

7   limitations (Nev. Rev. Stat. § 34.726) expired, not when the claims were finally presented to the

8   Nevada courts. Respondents concede this point but argue that, nonetheless, "McNelton is not

9   entitled to reconsideration of this claim without showing that the delay in returning to state court

10  was not part of an attempt to evade state court review."  Respondents offer no legal authority for

11  their counterargument.  And, as McNelton points out, the Ninth Circuit recently reversed a ruling

12  by this court that petitioner's failure to justify a lengthy delay in presenting claims omitted from

13  his initial collateral proceeding prevented him from relying on *Martinez. See Snow v. Baker*, 820

14  F. App'x 541, 543 (9th Cir. 2020).

15      Having concluded that its *Martinez* ruling was incorrect, the court will grant McNelton's

16  Rule 59(e) motion on this point. The court will provide McNelton the opportunity to establish

17  cause and prejudice to overcome his procedural defaults by showing that his claims of

18  "ineffective assistance of trial counsel" are "substantial" claims and that his counsel was

19  "ineffective" counsel during the first state collateral review proceeding. *Trevino v. Thaler*, 569

20  U.S. 413, 423 (2013).

21      The court recognizes that these issues have, to some extent, already been briefed by the

22  parties. However, in both their reply in support of their motion to dismiss and their opposition to

23  McNelton's Rule 59(e) motion, respondents requested the opportunity to address the merits of

1  McNelton's underlying IAC claims. ECF No. 170 at 53 n. 30; ECF No. 208 at 12. In addition,

2  the existing briefing is unnecessarily confusing[1] and includes several claims for which *Martinez*

3  relief is clearly not available.[2] ECF No. 165 at 119-71; ECF No. 170 at 53-71).

4        Accordingly, the court will permit the parties to provide more focused argument on the

5  trial IAC claims for which McNelton believes, in good faith, he can make the necessary showing

6  under *Martinez*. The court will entertain briefing on both the question of cause and prejudice

7  under *Martinez* and the underlying merits of the claims of ineffective assistance of trial counsel.

8                 5.  *Actual Innocence*.

9        McNelton faults this court for not analyzing whether he could overcome the procedural

10  default of some of his claims by demonstrating his actual innocence. McNelton did not, however,

11  raise any such argument in opposing the motion to dismiss in which procedural default was

12  raised as an affirmative defense. ECF No. 165. Consequently, the court is not willing to entertain

13  the argument in the context of a Rule 59(e) motion. *See Banister v. Davis*, 140 S. Ct. 1698, 1708

14  (2020) (in deciding a Rule 59(e) motion,"[c]ourts will not entertain arguments that could have

15  been but were not raised before the just-issued decision").

16                 6.  *Dismissal of Sub-claim under Claim Five(C)*.

17        In Claim Five(C) of his second amended petition, McNelton alleged trial counsel were

18  ineffective for failing to challenge the admission of evidence of prior bad acts during the penalty

19  phase. This court dismissed this claim as procedurally defaulted. ECF No. 201 at 6-7. Among the

20

21  [1] McNelton chose to divide the claims into several categories. Respondents attempted, with limited success, to address the claims in the order McNelton presented them.

22  [2] For example, several of the claims allege ineffective assistance of appellate counsel. *See Davila*

23  *v. Davis*, 137 S. Ct. 2058, 2065 (2017) (declining to extend *Martinez* to claims) of ineffective assistance of appellate counsel). Other claims are patently without merit (Claim Six(E), e.g.) or have been dismissed for other reasons (Claim Five(D), e.g.).

allegations in Claim Five(C) is a claim that trial counsel was ineffective in failing to request a hearing on the admissibility of prior bad acts in the guilt phase of his trial. ECF No. 133 at 70-71.

Although McNelton previously disavowed making a guilt phase ineffective assistance claim under Claim Five(C), he now contends that was done by mistake. Accordingly, he argues that, because the claim was adjudicated on the merits by the Nevada Supreme Court, this court should address the merits of his claim that counsel was ineffective in failing to request a hearing on the admissibility of prior bad acts in the guilt phase of his trial.

In deciding McNelton's appeal of the denial of his state post-conviction petition, the Nevada Supreme Court concluded that the trial court had erred by not conducting a hearing on the admissibility of evidence of a prior bad act. *McNelton v. State*, 990 P.2d 1263, 1269 (1999). The Nevada Supreme Court determined, however, that defense counsel's performance in relation to the admission of the evidence was not ineffective assistance of counsel because the result of McNelton's trial would have been the same even if the evidence had been excluded. *Id*. at 1270.

In answering McNelton's federal petition, the respondents persuasively argued that the Nevada Supreme Court's denial of McNelton's ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. ECF No. 178 at 6-11 (relying on 28 U.S.C. § 2254(d)(1)). McNelton did not respond to this argument in his traverse (ECF No. 184), nor does he address it in his arguments in support of his current motion. In absence of a showing that the Nevada Supreme Court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," the claim must be denied. *See Harrington v. Richter*, 562 U.S. 86, 103 (2011).

\ \ \

7. *Certificate of Appealability*.

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

With the exception of the *Martinez* issue, the court stands by its prior rulings for the reasons discussed above. The court also finds that reasonable jurists would not find the rulings debatable or wrong. Thus, the court declines to expand the COA in this case.

**IT IS THEREFORE ORDERED** that petitioner's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) (ECF No. 204) is GRANTED in part and DENIED in part.

**IT IS FURTHER ORDERED** that petitioner shall have **90 days** from the date of this order to file a brief in support of his procedurally defaulted trial IAC claims. Respondents shall have **90 days** following petitioner's brief to file a response. Petitioner will have **60 days** following the response to file a reply.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time (ECF No. 207) is GRANTED *nunc pro tunc* as of June 25, 2020.

Dated: March 29, 2021

_____
UNITED STATES DISTRICT JUDGE